```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| LAMONT SAUNDERS,           )<br>                            )<br>          Petitioner    )<br>                            )    Civil Action<br>     v.                     )    No. 16-cv-02690<br>                            )<br>LARRY MAHALLY;              )<br>THE ATTORNEY GENERAL OF THE )<br>  STATE [sic] OF            )<br>  PENNSLYVANIA; and         )<br>THE DISTRICT ATTORNEY OF THE)<br>  COUNTY OF PHILADELPHIA,   )<br>                            )<br>          Respondents       )| |

$$\underline{O\ R\ D\ E\ R}$$

NOW, this 24th day of January, 2017, upon consideration of the following documents:[1]

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, which petition was filed by petitioner pro se on May 27, 2016 ("Petition"),[2] together with

   (a) Memorandum of Law in Support of Writ of Habeas Corpus Petition Filed Pursuant to 28 U.S.C. § 2254;

---

[1] After the Report and Recommendation of Judge Sitarski was issued, my chambers received a letter from an individual who identified herself as Michelle L. Daugherty, in which she urges the court to give petitioner "a fair review". Accompanied with the letter are the signatures of a multitude of individuals. I recognize and appreciate the support of all of the individuals who provided their signatures. However, this letter in no way impacts my decision for a variety of reasons. Most importantly, petitioner has been given a fair review, and would have been provided a fair review even in the absence of the letter. Furthermore, there is no indication whatsoever that the individuals who provided their signature have any personal knowledge of any of the material issues in this matter.

[2] The Petition is deemed filed on the date mailed, May 27, 2016, not the date docketed, May 31, 2016. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

    (2)    Response to Petition for Writ of Habeas Corpus, which response was filed September 23, 2016 ("Response");

    (3)    Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated and filed December 29, 2016 ("R&R"); and

    (4)    Petitioner's Objection to the Report and Recommendation of United States Magistrate Judge Lynne. A. Sitarski, Filed December 29, 2016, which Objection was filed by petitioner pro se on January 10, 2016[3] ("Objections"),

it appearing that petitioner's Objections to Magistrate Judge Sitarski's Report and Recommendation are essentially a restatement of arguments raised in his Petition; it further appearing after a de novo review[4] of this matter, Magistrate Judge Sitarski's Report and Recommendation correctly determined the legal and factual issues presented in the Petition,

---

[3] The date stamp on the envelope containing the Objections indicates that it was mailed on January 10, 2017.

[4] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommend-ations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

    Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Id.

IT IS ORDERED that petitioner's Objections to the Report and Recommendation of Magistrate Judge Sitarski are overruled.[5]

---

    [5] Petitioner raises three claims in his Petition: (1) "[p]rosecutorial [m]isconduct in [v]iolation of [petitioner's] Due Process [rights]" based on the prosecutor allegedly using perjured testimony, without which petitioner believes he would not have been convicted; (2) [c]onstitutional [v]iolation as it [r]elates to Brady when [the prosecution] failed to disclose impeachment evidence of its witness 'Toro' where the Commonwealth knew or should know[n] of the perjured testimony . . . [and that] Mr. Toro[] was incarcerated at the time he alleged petitioner confessed to the crime"; and (3) "[p]etitioner is [f]actual[ly] [i]nnocent of the [c]rimes".

    Magistrate Judge Sitarski correctly found that claims one and two of the Petition are unexhausted and procedurally defaulted, which petitioner does not deny. See 28 U.S.C. § 2254(b)(1). Therefore, such claims are only reviewable if petitioner can demonstrate (a) cause for the default and actual prejudice; or (b) that failure to consider the claims will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 452-453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518, 552-553 (2000); Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2456, 115 L.Ed.2d 640 (1991).

    In his Objections, petitioner does not articulate cause for his procedural default. Furthermore, Magistrate Judge Sitarski correctly concluded that petitioner failed to demonstrate a "miscarriage of justice." To meet the "miscarriage of justice" standard, petitioner must present new, reliable evidence which shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 321, 115 S.Ct. 851, 864, 130 L.Ed.2d 808, 832 (1986).

    Petitioner contends that "new evidence" demonstrates that the testimony of the Commonwealth's "key witness", Jose Toro, was fabricated and that without this testimony he would not have been convicted. Petitioner claims that it was impossible, as Mr. Toro testified at trial, that petitioner confessed to him the November 27, 2002 murder for which petitioner was convicted within the days following the crime. He alleges that Mr. Toro was actually incarcerated during that time--specifically, from November 22, 2002 through October 22, 2003. Petitioner submitted, among other things, an affidavit of Jose Toro recanting his testimony. He also provided an affidavit of Marcus Toro, Jose Toro's brother, stating that Jose Toro was incarcerated from November 22, 2002 until October 2003.

    Magistrate Judge Sitarski correctly concluded that petitioner failed to meet the high standard of demonstrating actual innocence. See Schlup, 513 U.S. at 321, 115 S.Ct. at 864, 130 L.Ed.2d at 832. The evidence submitted, including Exhibit C to the Petition, show that Jose Toro was released on bail on September 19, 2002, and not in custody again until December 11, 2002, which debunks petitioner's theory that Mr. Toro was in prison at the time of the confession.

(Footnote 5 continued):

IT IS FURTHER ORDERED that the Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that the Petition is denied with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:


_/s/ JAMES KNOLL GARDNER_____
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 5):

Furthermore, Magistrate Judge Sitarski correctly found that the affidavits of Jose and Marcus Toro, which were provided almost twelve years after the events at issue and which are contradicted by other evidence, lack credibility and do not meet the "reliable evidence" standard. See Schlup, 513 U.S. at 321, 115 S.Ct. at 864, 130 L.Ed.2d at 832 (1986); see also Herrera v. Collins, 506 U.S. 390, 417, 113 S.Ct. 853, 869, 122 L.Ed.2d 203, 227 (1993).

With respect to petitioner's third claim of actual innocence, Magistrate Judge Sitarski correctly concluded that this claim, even if cognizable, would fail because it would require an even higher burden of proof than the "miscarriage of justice" standard discussed above with respect to petitioner's other claims. See Gibbs v. Diguglielmo, No. 09-cv-04766, 2015 WL 93934 at *4 (E.D.Pa. Jan. 5, 2015) (Rufe, J.) (explaining that the Third Circuit has not addressed whether a freestanding claim of actual innocence is cognizable on habeas review, but that if it were, the Supreme Court has suggested it would require an even higher standard than Schlup).