# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LAMONT SAUNDERS | : | |
| --- | --- | --- |
| v. | : | CIVIL ACTION NO. 16-2690 |
| LARRY MAHALLY, ET AL. | : | |

**McHUGH, J.** May 25, 2021

## MEMORANDUM

Petitioner Lamont Saunders was convicted of second-degree murder, robbery, criminal conspiracy, and possession of an instrument of crime in 2005. He has filed an "Independent Action for Relief from Final Order" under Civil Rule 60(d)(3), arguing that respondents presented perjured testimony, thereby perpetrating fraud upon the Court, and entitling Petitioner to relief from the Court's denial of his petition for habeas corpus. *See* ECF 28. Petitioner's challenge largely centers on a statement made by one Jose Toro, who testified that Petitioner had confessed to shooting the victim and stealing his money. Petitioner argues that this testimony was perjured, and he claims that Toro could not have been present for an alleged confession, as Toro was in custody at the time. *Id.*

Petitioner's contentions closely mirror an earlier motion under Fed. R. Civ. P. 60, which was denied by this Court. *See* ECF 19. In support of his prior motion, Petitioner sought to contradict Toro's testimony by presenting an affidavit from Amy B. Troutman. *See* ECF 17 at 28. Her statement asserted that Toro's bail was never paid. *Id.* I denied Petitioner's motion as untimely, stating that

> [i]n *McQuiggin* the Supreme Court held that a convincing showing of actual innocence may overcome the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). *Id.*, 569 U.S. at 386. However, *McQuiggin* also held that for the untimeliness of a habeas petition to be excused under the fundamental miscarriage of justice

1

> exception a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" and "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error." *Id.* at 386, 401.
>
> Petitioner Saunders has not demonstrated that *McQuiggin* provides a basis for relief under Rule 60(b). He has not shown fraud upon the court during the pendency of his habeas corpus proceedings. Petitioner Saunders failed to present the court with any new evidence which would demonstrate that no reasonable jury would have voted to find him guilty. Instead, Petitioner Sunders merely argues – again – that his trial was tainted by perjured testimony. In her R&R Magistrate Judge Sitarski considered and rejected this claim. (ECF No. 9 at pp 10-12.) Moreover, Petitioner has not demonstrated any extraordinary circumstances as is required to grant Rule 60(b) relief.

*See* ECF 19.

In support of his current motion, Petitioner has attached a one-page affidavit from Irving Samuel, a private investigator based in Philadelphia. *See* ECF 28 at 10. Mr. Samuel avers that, on April 2, 2019, he went to the Criminal Justice Center and spoke to several unnamed clerks there who interpreted a document proffered by Mr. Samuel and determined that Jose Toro's bail of $2500 had been revoked. *Id.* Petitioner claims that this affidavit proves that Jose Toro was in custody at the time of the alleged confession and that respondents perpetrated fraud upon this Court. *Id.* at 2–3.

I cannot agree. Petitioner's motion remains untimely and is not excused by *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924 (2013). Mr. Irving's affidavit does not meet the demanding standard under *McQuiggin*, which requires new evidence which would demonstrate that no reasonable jury would have voted to find him guilty. *Id.* at 384. The affidavit proffers hearsay testimony from unknown clerks within the Criminal Justice Center and closely resembles evidence that has already been considered and rejected by Judge Sitarski and then by this Court. The affidavit does not demonstrate fraud or any of the other extraordinary

circumstances that are required to grant Rule 60 relief.  For these reasons, Petitioner's motion is denied.

An appropriate Order follows.

/s/ Gerald Austin McHugh
United States District Judge